# NRDC

August 9, 2019

<u>By ECF</u>

Honorable Valerie E. Caproni
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY  10007

      Re:  *Natural Resources Defense Council, Inc.*, et al. *v. U.S. Department of the Interior*, et al., 18-CV-4596 (VEC), consolidated with *National Audubon Society,* et al. *v. U.S. Department of the Interior*, et al., 18-CV-4601 (VEC), and *State of New York*, et al. *v. U.S. Department of the Interior*, et al., 18-CV-8084 (VEC)

Dear Judge Caproni:

    The parties in the above-captioned consolidated cases jointly submit this letter in response to the Court's order of July 31, 2019, ECF No. 53. The parties agree that the status conference scheduled for August 16, 2019, appears to be unnecessary, in light of the agreements detailed below. However, if the Court wishes to discuss the States' renewed request to submit separate States' briefs regarding summary judgment (also described below), then the States believe a status conference would be beneficial.

    **Proposed Schedule**: The parties have reached agreement on the following proposed schedule(s):

    **Answers**:  Pursuant to Rule 12(a)(4)(A) of the Federal Rules of Civil Procedure, Defendants' deadline to answer all three complaints is Wednesday, August 14, 2019. To allow sufficient time to complete the drafting of the answers and to confer with agency officials, particularly in light of existing deadlines in other matters and long planned travel commitments, Defendants respectfully request that their deadline to file the answers be extended to Friday, September 6, 2019. This is Defendants' first request to extend the answer deadline since the Court issued its decision on Defendants' motions to dismiss. Plaintiffs do not object to this request.

    **Administrative Record**:  The parties propose that Defendants will produce the administrative record on or before September 20, 2019. Within 28 days of the production of the administrative record (i.e., by October 18), the parties will submit a joint letter informing the Court either that they agree the administrative record is complete or reporting on the status of their attempts to resolve any disagreements, including whether they seek additional time to complete their discussions regarding the record or, if

necessary, proposing a schedule for briefing any motion to complete or supplement the administrative record.

**Cross-Motions for Summary Judgment**:  The parties propose the following schedule for briefing cross-motions for summary judgment:

- Plaintiffs' motions for summary judgment due 45 days after the scope of the administrative record has been resolved (either by agreement of the parties or, if necessary, by the resolution of any motion to complete or supplement the record).

- Defendants' cross-motion for summary judgment and opposition to Plaintiffs' motions due 45 days after Plaintiffs' motions.

- Plaintiffs' replies in support of their motions and oppositions to Defendants' cross-motion due 30 days after Defendants' cross-motion.

- Defendants' reply in support of their cross-motion due 21 days after Plaintiffs' replies.

To the extent any of these deadlines falls on a weekend or holiday, the deadline will automatically be extended to the next business day.

**Joint Briefing**: The NRDC Plaintiffs and Audubon Plaintiffs have agreed to file joint briefs at the summary judgment stage. As a consequence, they anticipate seeking leave to file longer briefs, pursuant to the Court's suggestion, *see* ECF No. 53 at 7, but will do so at a later time, once they have had the opportunity to confer further between themselves and with Defendants' counsel.

The State Plaintiffs would like to renew their request to submit separate States' briefs regarding summary judgment for two reasons. First, they anticipate that their particular interests as sovereigns rather than NGOs are likely to affect the presentation of their argument. Second, the offices of eight Attorneys General will need to coordinate and agree regarding that presentation and the States anticipate that it may be challenging logistically to do further coordination and reach agreement with the NGOs. The States would be willing to agree to page limits that ensure that Defendants are not prejudiced by separate briefs. If the Court prefers to address this matter at the status conference, the States would, of course, be willing to do that.

Defendants take no position on the States' renewed request to submit separate briefs, as long as the page limits are adjusted to ensure that Defendants are not prejudiced.

We thank the Court for its consideration of and attention to these matters.

<table>
<tr><td>

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By: */s/ Andrew E. Krause*
    Andrew E. Krause
    Assistant United States Attorney
    212-637-2769
    andrew.krause@usdoj.gov

*Counsel for Defendants*


FOR THE STATE OF NEW YORK

LETITIA JAMES
Attorney General

By: */s/ Matthew Eisenson*
    Matthew Eisenson
    Assistant Attorney General
    212-416-8446
    matthew.eisenson@ag.ny.gov

*Counsel for the States*

</td><td>

Respectfully submitted,

*/s/ Ian Fein*
Ian Fein (admitted *pro hac vice*)
Natural Resources Defense Council
415-875-6147
ifein@nrdc.org

*Counsel for NRDC Plaintiffs*


*/s/ Eric R. Glitzenstein*
Eric R. Glitzenstein (admitted *pro hac vice*)
Center for Biological Diversity
202-849-8401 ext. 109
eglitzenstein@biologicaldiversity.org

*Counsel for Audubon Plaintiffs*

</td></tr>
</table>

cc:    ECF service list