GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
By: ANDREW E. KRAUSE
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2769
Facsimile: (212) 637-2786
E-mail: andrew.krause@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

NATURAL RESOURCES DEFENSE COUNCIL, INC., *et al.*,

                Plaintiffs,

-against-

U.S. DEPARTMENT OF THE INTERIOR, *et al.*,

                Defendants.

------------------------------------------------------------------------x

18 Civ. 4596 (VEC)

**ANSWER**

      Defendants United States Department of the Interior ("DOI"), United States Fish and Wildlife Service ("FWS"), and Daniel Jorjani, in his official capacity as the person exercising the authority of the Solicitor of the Interior ("Defendants"), by their attorney, Geoffrey S. Berman, United States Attorney for the Southern District of New York, hereby answer the complaint of plaintiffs Natural Resources Defense Council, Inc. ("NRDC") and National Wildlife Federation ("Plaintiffs"), dated May 24, 2018, as follows:

      1.      The allegations contained in paragraph 1 of the complaint consist of Plaintiffs' characterization of the Migratory Bird Treaty Act, 16 U.S.C. § 703 ("MBTA"). Defendants admit that the quoted phrases are contained within the MBTA, and respectfully refer the Court to the statute for a complete and accurate description of its contents.

2. Defendants deny the allegations contained in paragraph 2 of the complaint, except admit that the legal opinion that is the focus of this lawsuit, Opinion M-37050 (*The Migratory Bird Treaty Act Does Not Prohibit Incidental Take*) ("Opinion M-37050"), provides an interpretation of the MBTA that is contrary to the prior practice of the DOI.

3. Defendants deny the allegations contained in the first sentence of paragraph 3 of the complaint. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 3 of the complaint. Defendants admit the allegations contained in the third sentence of paragraph 3 of the complaint.

4. The allegations contained in paragraph 4 of the complaint consist of Plaintiffs' characterization of Opinion M-37050. Defendants admit that the quoted phrase is contained within Opinion M-37050, and respectfully refer the Court to Opinion M-37050 for a complete and accurate description of its contents.

5. Defendants deny the allegations contained in the first sentence of paragraph 5 of the complaint. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 5 of the complaint. Defendants deny the allegations contained in the third sentence of paragraph 5 of the complaint.

6. The allegations contained in paragraph 6 of the complaint consist of Plaintiffs' characterization of a letter to the former Secretary of the Interior. Defendants admit that the quoted phrases are contained within the letter, and respectfully refer the Court to that letter for a complete and accurate description of its contents.

7. Defendants deny the allegations contained in paragraph 7 of the complaint.

8. The allegations contained in paragraph 8 of the complaint consist of Plaintiffs' legal opinions and conclusions, to which no response is required. Moreover, the allegations

contained in paragraph 8 of the complaint consist of Plaintiffs' characterization of a court decision; Defendants respectfully refer the Court to that decision for a complete and accurate description of its contents.

9. Defendants deny the allegations contained in paragraph 9 of the complaint.

10. The allegations contained in paragraph 10 of the complaint consist of Plaintiffs' legal opinions and conclusions regarding jurisdiction, to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 10 of the complaint.

11. The allegations contained in paragraph 11 of the complaint consist of Plaintiffs' legal opinions and conclusions regarding venue, to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 11 of the complaint, except aver that defendants DOI and FWS are agencies of the United States, and defendant Jorjani is sued in his official capacity as a federal official. Furthermore, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning NRDC's principal place of business.

12. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the complaint.

13. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the complaint.

14. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the complaint.

15. Defendants admit the allegations contained in paragraph 15 of the complaint.

16. Defendants admit the allegations contained in paragraph 16 of the complaint.

17. Defendants admit the allegations contained in paragraph 17 of the complaint.

18. The allegations contained in paragraph 18 of the complaint consist of Plaintiffs' characterization of the MBTA, to which no response is required.

19. Defendants admit the allegations contained in the first sentence of paragraph 19 of the complaint. The remainder of the allegations contained in paragraph 19 of the complaint consist of Plaintiffs' characterization of the referenced treaty. Defendants admit that the quoted phrases are contained within the treaty, and respectfully refer the Court to that treaty for a complete and accurate description of its contents.

20. The allegations contained in paragraph 20 of the complaint consist of Plaintiffs' characterization of the MBTA. Defendants admit that the quoted words are contained within the statute, and respectfully refer the Court to the statute for a complete and accurate description of its contents.

21. The allegations contained in the first sentence of paragraph 21 of the complaint consist of Plaintiffs' characterization of the MBTA, to which no response is required. The allegations contained in the second sentence of paragraph 21 of the complaint consist of Plaintiffs' characterization of a judicial decision. Defendants admit that the quoted phrase is contained within the decision, and respectfully refer the Court to the decision for a complete and accurate description of its contents.

22. Defendants admit the allegations contained in the first sentence of paragraph 22 of the complaint. The allegations contained in the second sentence of paragraph 22 of the complaint consist of Plaintiffs' characterization of statute, to which no response is required. Defendants respectfully refer the Court to the statute for a complete and accurate description of its contents.

23. The allegations contained in the first sentence of paragraph 23 of the complaint consist of Plaintiffs' characterization of multiple treaties, to which no response is required. Defendants deny the allegations contained in the second sentence of paragraph 23 of the complaint, except admit that the MBTA now covers more than 1,000 bird species found throughout the United States and its Territories.

24. Defendants deny the allegations contained in paragraph 24 of the complaint, except admit that the MBTA was amended in 1936, in part as described in paragraph 24 of the complaint. Defendants respectfully refer the Court to the 1936 version of the MBTA for a complete and accurate description of its contents.

25. The allegations contained in paragraph 25 of the complaint consist of Plaintiffs' characterization of the MBTA. Defendants admit that the quoted language is contained within the statute, and respectfully refer the Court to the statute for a complete and accurate description of its contents.

26. The allegations contained in paragraph 26 of the complaint consist of Plaintiffs' characterization of a judicial decision. Defendants admit that the quoted phrase and word are contained within the decision, and respectfully refer the Court to the decision for a complete and accurate description of its contents.

27. Defendants deny the allegations contained in paragraph 27 of the complaint.

28. Defendants deny the allegations contained in paragraph 28 of the complaint, except aver that prior to the issuance of Opinion M-37050, the DOI, the FWS, and the DOJ brought enforcement actions against entities whose conduct resulted in the taking of migratory birds.

29. The allegations contained in paragraph 29 of the complaint consist of Plaintiffs' characterization of a judicial decision. Defendants admit that the quoted phrases, subject to Plaintiffs' modifications, are contained within the decision, and respectfully refer the Court to the decision for a complete and accurate description of its contents.

30. Defendants admit the allegations contained in paragraph 30 of the complaint.

31. Defendants deny the allegations contained in paragraph 31 of the complaint, except aver that penalties or fines received pursuant to the MBTA are authorized to be appropriated to the DOI for purposes of allocation under the North American Wetlands Conservation Act.

32. Defendants admit the allegations contained in paragraph 32 of the complaint.

33. The allegations contained in paragraph 33 of the complaint consist of Plaintiffs' characterization of the referenced executive order. Defendants admit that the quoted language is contained within the executive order, and respectfully refer the Court to the executive order for a complete and accurate description of its contents.

34. The allegations contained in paragraph 34 of the complaint consist of Plaintiffs' characterization of diplomatic communications, legislation, and judicial decisions, to which no response is required. Defendants respectfully refer the Court to the referenced and cited materials for complete and accurate descriptions of their contents.

35. Defendants deny the allegations contained in paragraph 35 of the complaint.

36. The allegations contained in paragraph 36 of the complaint consist of Plaintiffs' legal opinions and conclusions, and characterization of various judicial decisions, statutes, and legislative materials, to which no response is required. Defendants respectfully refer to the Court

to the cited decisions, statutes, and legislative materials for complete and accurate descriptions of their contents.

37. The allegations contained in paragraph 37 of the complaint consist of Plaintiffs' characterization of the referenced statute, to which no response is required. Defendants respectfully refer the Court to the statute for a complete and accurate description of its contents.

38. The allegations contained in paragraph 38 of the complaint consist of Plaintiffs' characterization of various judicial decisions and a statute, to which no response is required. Defendants respectfully refer to the Court to the cited decisions and statute for complete and accurate descriptions of their contents.

39. The allegations contained in paragraph 39 of the complaint consist of Plaintiffs' legal opinions and conclusions, to which no response is required.

40. Defendants admit the allegations contained in the first sentence of paragraph 40 of the complaint. The remainder of the allegations contained in paragraph 40 of the complaint consist of Plaintiffs' characterization of the referenced regulation, to which no response is required. Defendants respectfully refer the Court to the regulation for a complete and accurate description of its contents.

41. Defendants admit the allegations contained in paragraph 41 of the complaint.

42. Defendants admit the allegations contained in the first sentence of paragraph 42 of the complaint. The parenthetical descriptions contained in the string citation following the first sentence consist of Plaintiffs' characterization of various documents, to which no response is required. Defendants respectfully refer the Court to those documents for complete and accurate descriptions of their contents.

43. Defendants admit the allegations contained in paragraph 43 of the complaint.

44. Defendants admit the allegations contained in the first sentence, and the first clause of the second sentence, of paragraph 44 of the complaint. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second clause of the second sentence of paragraph 44 of the complaint.

45. The allegations contained in paragraph 45 of the complaint consist of Plaintiffs' characterization of a document published in the *Federal Register*, to which no response is required. Defendants respectfully refer the Court to the cited document for a complete and accurate description of its contents.

46. Defendants deny the allegations contained in the first sentence of paragraph 46 of the complaint, except admit that Opinion M-37041 was issued on January 10, 2017. The remainder of the allegations contained in paragraph 46 of the complaint consist of Plaintiffs' characterization of Opinion M-37041. Defendants admit that the quoted phrases are contained within Opinion M-37041, and respectfully refer the Court to that document for a complete and accurate description of its contents.

47. Defendants deny the allegations contained in paragraph 47 of the complaint, except admit that on February 6, 2017, the Acting Secretary of the Interior "suspend[ed] and temporarily withdr[e]w" four recently issued Opinions of the Solicitor "to enable agency officials appointed or designated by the President after 12 noon on January 20, 2017, to review the opinions and the underlying regulations or decisions to which they apply." Defendants further aver that the February 6, 2017, memorandum stated that "[e]ach of these opinions was written in part to support regulations, decisions, or nationwide guidance or policies that are currently under review by the new Administration."

48. The allegations contained in paragraph 48 of the complaint consist of Plaintiffs' characterization of two documents, to which no response is required. Defendants respectfully refer the Court to the cited documents for complete and accurate descriptions of their contents.

49. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 49 of the complaint. The remainder of the allegations contained in paragraph 49 of the complaint consist of Plaintiffs' characterization of the referenced letter. Defendants admit that the quoted phrases are contained within the letter, and respectfully refer the Court to that letter for a complete and accurate description of its contents.

50. Defendants admit the allegations contained in paragraph 50 of the complaint.

51. The allegations contained in paragraph 51 of the complaint consist of Plaintiffs' characterization of Opinion M-37050. Defendants admit that the quoted phrases are contained within Opinion M-37050, and respectfully refer the Court to that document for a complete and accurate description of its contents.

52. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the complaint.

53. Defendants admit the allegations contained in the first sentence of paragraph 53 of the complaint. Defendants deny the allegations contained in the second sentence of paragraph 53 of the complaint, except aver that at the time that Opinion M-37050 was issued, there was no Senate-confirmed Solicitor of the Interior, and as the Principal Deputy Solicitor, Mr. Jorjani was the highest ranking member of the Office of the Solicitor.

54. The allegations contained in the first sentence of paragraph 54 of the complaint consist of Plaintiffs' legal opinions and conclusions, to which no response is required.

Defendants admit the allegations contained in the second sentence of paragraph 54 of the complaint, and aver that Opinion M-37050 states that the withdrawal and replacement of Opinion M-37041 was due to "further analysis of the text, history, and purpose of the MBTA."

55. The allegations contained in the first sentence of paragraph 55 of the complaint consist of Plaintiffs' legal opinions and conclusions, to which no response is required. The remainder of the allegations contained in paragraph 55 of the complaint consist of Plaintiffs' characterization of the April 11, 2018 guidance memorandum. Defendants admit that the quoted phrases are contained within the memorandum, and respectfully refer the Court to that memorandum for a complete and accurate description of its contents.

56. Defendants deny the allegations contained in the first sentence of paragraph 56 of the complaint, except aver that attached to the April 11, 2018 memorandum is a list of frequently asked questions regarding implementation of Opinion M-37050. The remainder of the allegations contained in paragraph 56 of the complaint consist of Plaintiffs' characterization of the attachment to the April 11, 2018 guidance memorandum. Defendants admit that the quoted phrases are contained within the attachment to the memorandum, and respectfully refer the Court to that document for a complete and accurate description of its contents.

57. The allegations contained in paragraph 57 of the complaint consist of Plaintiffs' characterization of the attachment to the April 11, 2018 guidance memorandum, to which no response is required. Defendants respectfully refer the Court to that document for a complete and accurate description of its contents.

58. The allegations contained in paragraph 58 of the complaint consist of Plaintiffs' characterization of the attachment to the April 11, 2018 guidance memorandum. Defendants admit that the quoted phrases are contained within the attachment to the memorandum, and

respectfully refer the Court to that document for a complete and accurate description of its contents.

59. The allegations contained in the first sentence of paragraph 59 of the complaint consist of Plaintiffs' legal opinions and conclusions, to which no response is required. Defendants deny the allegations contained in the second sentence of paragraph 59 of the complaint. The allegations contained in the third sentence of paragraph 59 of the complaint consist of Plaintiffs' characterization of the referenced letter, to which no response is required. Defendants respectfully refer the Court to the letter for a complete and accurate description of its contents.

60. Defendants deny the allegations contained in paragraph 60 of the complaint. The allegations contained in the second sentence of paragraph 60 of the complaint consist of Plaintiffs' characterization of the cited regulation. Defendants admit that the quoted phrase is contained within the regulation, and respectfully refer the Court to the regulation for a complete and accurate description of its contents. Defendants deny the allegations contained in the third sentence of paragraph 60 of the complaint.

61. Defendants deny the allegations contained in the first sentence of paragraph 61 of the complaint. The remainder of the allegations contained in paragraph 61 of the complaint consist of Plaintiffs' characterization of a document published in the *Federal Register*. Defendants admit that the quoted phrases are contained within the document, and respectfully refer the Court to that document for a complete and accurate description of its contents.

62. The allegations contained in paragraph 62 of the complaint consist of Plaintiffs' characterization of a letter to the former Secretary of the Interior. Defendants admit that the

quoted phrases are contained within the January 10, 2018 letter, and respectfully refer the Court to that letter for a complete and accurate description of its contents.

63. The allegations contained in paragraph 63 of the complaint consist of Plaintiffs' characterization of a letter to the former Secretary of the Interior. Defendants admit that the quoted phrases are contained within the January 10, 2018 letter, and respectfully refer the Court to that letter for a complete and accurate description of its contents.

64. The allegations contained in paragraph 64 of the complaint consist of Plaintiffs' characterization of a letter to the former Secretary of the Interior. Defendants admit that the quoted phrases are contained within the January 10, 2018 letter, and respectfully refer the Court to that letter for a complete and accurate description of its contents.

65. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the complaint.

66. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the complaint.

67. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first, second, and fourth sentences of paragraph 67 of the complaint. Defendants deny the allegations contained in the third sentence of paragraph 67 of the complaint.

68. The allegations contained in paragraph 68 of the complaint consist of Plaintiffs' legal opinions and conclusions, to which no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of the complaint.

69. Defendants deny the allegations contained in the first sentence of paragraph 69 of the complaint. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 69 of the complaint.

70. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the complaint.

71. The allegations contained in the first sentence of paragraph 71 of the complaint consist of Plaintiffs' legal opinions and conclusions, to which no response is required. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second and third sentences of paragraph 71 of the complaint.

72. The allegations contained in the first sentence of paragraph 72 of the complaint consist of Plaintiffs' legal opinions and conclusions, to which no response is required. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 72 of the complaint.

73. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 of the complaint.

74. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of the complaint.

75. The allegations contained in paragraph 75 of the complaint consist of Plaintiffs' legal opinions and conclusions, to which no response is required.

76. Defendants repeat and incorporate by reference each and every response set forth herein to the allegations contained in paragraphs 1 through 75 of the complaint.

77. The allegations contained in the first sentence of paragraph 77 of the complaint consist of Plaintiffs' characterization of the MBTA. Defendants admit that the quoted words are

contained within the statute, and respectfully refer the Court to the statute for a complete and accurate description of its contents. Defendants deny the allegations contained in the second sentence of paragraph 77 of the complaint.

78. Defendants deny the allegations contained in paragraph 78 of the complaint.

79. Defendants deny the allegations contained in paragraph 79 of the complaint.

80. Defendants deny the allegations contained in paragraph 80 of the complaint.

81. Defendants deny the allegations contained in paragraph 81 of the complaint.

82. The remainder of the complaint consists of Plaintiffs' prayer for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the requested relief, or to any relief whatsoever.

**DEFENSES**

**FIRST DEFENSE**

The complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

Some or all of the Plaintiffs lack standing to bring this lawsuit.

**THIRD DEFENSE**

The complaint fails to identify a final agency action.

**FOURTH DEFENSE**

Defendant reserves the right to amend this answer to assert any other matter that constitutes an avoidance or affirmative defense under Rule 8(c) of the Federal Rules of Civil Procedure.

WHEREFORE, Defendants respectfully request that the Court: (1) dismiss the complaint with prejudice; (2) enter judgment in favor of Defendants; and (3) grant such further relief as the Court deems just and proper.

Dated: New York, New York
September 6, 2019

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By: */s/ Andrew E. Krause*
ANDREW E. KRAUSE
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2769
Facsimile: (212) 637-2786
E-mail: andrew.krause@usdoj.gov