**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| USDC SDNY | |
| DOCUMENT | |
| ELECTRONICALLY FILED | |
| DOC #: _____ | |
| DATE FILED:   1/27/2020 | |

NATURAL RESOURCES DEFENSE COUNCIL,
INC.*, et al.*,

               Plaintiffs,

    -against-

U.S. DEPARTMENT OF THE INTERIOR, *et al.*,

               Defendants.

18 Civ. 4596 (VEC)

NATIONAL AUDUBON SOCIETY, *et al.*,

               Plaintiffs,

    -against-

U.S. DEPARTMENT OF THE INTERIOR, *et al.*,

               Defendants.

18 Civ. 4601 (VEC)

STATE OF NEW YORK, *et al.*,

               Plaintiffs,

    -against-

U.S. DEPARTMENT OF THE INTERIOR, *et al.*,

               Defendants.

18 Civ. 8084 (VEC)

## UNOPPOSED MOTION OF FORMER INTERIOR DEPARTMENT OFFICIALS TO FILE *AMICUS CURIAE* BRIEF

JENNIFER A. HUBER (*pro hac vice*)
PHILIP J. TASSIN (*pro hac vice*)
KRISTIN E. HUCEK (*pro hac vice*)
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94117
Telephone:  415 391 5400
*Counsel for Amici Curiae Former Interior Department Officials*

Jonathan Andrew, Daniel Ashe, Donald Barry, Robert Blohm, Brad Bortner, Tom Dwyer, Lynn Greenwalt, Lyle Laverty, Lynn Scarlett, Paul Schmidt, and Rollin Sparrowe submit this unopposed motion for leave to file the accompanying *amicus curiae* brief in support of the motions for summary judgment submitted by the Natural Resources Defense Council, National Wildlife Federation, National Audubon Society, American Bird Conservancy, Center for Biological Diversity, Defenders of Wildlife, and the States of California, Illinois, Maryland, New Jersey, New Mexico, New York, Oregon, and the Commonwealth of Massachusetts (collectively, the "Plaintiffs").  *Amici* are conservation professionals who formerly served in the Department of the Interior, with tenures ranging in time during 1972 to 2017.  The Environmental Plaintiffs have consented to *Amici*'s participation as *amicus curiae*.  The State Plaintiffs do not oppose *Amici*'s motion. Defendants have indicated that they take no position with respect to this motion.

District courts have "broad discretion" to permit the appearance of *amici curiae* in a given case.  *U.S. v. Ahmed*, 788 F. Supp. 196, 198 n.1 (S.D.N.Y. 1992); *see also Citizens Against Casino Gambling in Erie Cty. v. Kempthorne*, 471 F. Supp. 2d 295, 311 (W.D.N.Y. 2007).  While there "is no governing standard, rule or statute prescrib[ing] the procedure for obtaining leave to file an amicus brief in the district court," *Onondaga Indian Nation v. State of New York*, No. 97–CV–445, 1997 WL 369389, at *2 (N.D.N.Y. June 25, 1997) (internal quotation marks omitted), district courts look to Rule 29 of the Federal Rules of Appellate Procedure for guidance.  *See Lehman XS Tr., Series 2006-GP2 v. Greenpoint Mortg. Funding, Inc.*, No. 12 Civ. 7935 (ALC)(HPB), 2014 WL 265784, at *1 (S.D.N.Y. Jan. 23, 2014).  Under Rule 29, courts consider whether the proposed *amicus* has an interest in the case and whether the *amicus* brief is "desirable" and "relevant."  Fed. R. App. P. 29.

Courts in this District have granted requests to serve as *amicus curiae* after concluding that the additional brief would aid the court in evaluating the pending motion.  *See, e.g.*, *U.S. v. Yonkers Contracting Co., Inc.*, 697 F. Supp. 779 (S.D.N.Y. 1988); *see also Auto. Club of New York, Inc. v. Port Auth. of New York and New Jersey*, No. 11 Civ. 6746(RJH), 2011 WL

1

5865296, at \*1-2 (S.D.N.Y. Nov. 22, 2011) (customary role of *amicus* is to "aid . . . the court and offer insights not available from the parties"); *Citizens Against Casino Gambling in Erie Cty. v. Hogen*, No. 07-CV-451S, 2008 WL 11357911, at \*1 (W.D.N.Y. Jan. 10, 2008) (district court should normally allow an *amicus* brief when the *amicus* "has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide") (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997)).

The individuals who seek to appear as *amici curiae* have a strong interest in this case. *Amici* served at all levels within the Department of the Interior, including as Deputy Secretary, Assistant Secretary, U.S. Fish and Wildlife Service Director, Assistant Solicitor for Fish and Wildlife, Assistant Director for Migratory Birds, and Division Chief for Migratory Bird Management. They served as Senate-confirmed political appointees and senior career civil servants under both Republican and Democratic administrations. *Amici* have spent their careers seeking to conserve this country's most precious natural resources and wildlife. Despite their differing political backgrounds and diverse histories of service within the Department of the Interior, *Amici* are deeply concerned by the reversal of the Department's long-standing policy prohibiting all takings of migratory birds under the Migratory Bird Treaty Act of 1918 (the "MBTA"). The reversal of the Department's decades-long interpretation of the MBTA, as embodied in the Jorjani Opinion (Opinion M-37050), undermines decades of progress in protecting migratory bird populations.

In addition, the *amicus* brief, which supports Plaintiffs' position that the Jorjani M-Opinion has a real and immediate impact on migratory birds, is useful to the Court. The former Interior Department officials who seek to submit this *amicus* brief offer a unique perspective on the effectiveness, until now, of the MBTA in saving migratory bird populations by preventing incidental takes of migratory birds. Based on their extensive experience administering the MBTA in previous administrations, *Amici* know that the reversal in the Jorjani M-Opinion and corresponding loss in regulatory and prosecutorial tools will have an immediate effect on migratory bird populations, contrary to Defendants' arguments. These individuals' service in the

Department of the Interior spanning five decades provide them with a unique perspective on this issue.  *See Onondaga*, 1997 WL 369389, at *2 (participation as *amicus curiae* permitted where it would "provide an additional perspective not otherwise available to the court").  That perspective is useful to inform the Court about the Department's prior interpretation of the MBTA to prohibit incidental take, the anomalous lack of involvement of any U.S. Fish and Wildlife Service personnel in the drafting of the Jorjani M-Opinion, and the impact the Jorjani M-Opinion has already had on industry actors.

For the forgoing reasons, *Amici* respectfully request that the Court grant this motion and accept for filing the accompanying *amicus curiae* brief.

Respectfully submitted,

KEKER, VAN NEST & PETERS LLP

Dated:  January 24, 2020

Application GRANTED.

SO ORDERED.

Valerie Caproni

1/27/2020

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

By:     */s/ Jennifer A. Huber*
JENNIFER A. HUBER (*pro hac vice*)
PHILIP J. TASSIN (*pro hac vice*)
KRISTIN E. HUCEK (*pro hac vice*)
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94117
Telephone:  415 391 5400

*Counsel for Amici Curiae Former Interior
Department Officials*

3