USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/3/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NATIONAL RESOURCES DEFENSE COUNCIL, INC., et al.,

        Plaintiffs,

v.

UNITED STATES DEPARTMENT OF THE INTERIOR, et al.,

        Defendants.

18 Civ. 4596 (VEC)

NATIONAL AUDUBON SOCIETY, et al.,

        Plaintiffs,

v.

UNITED STATES DEPARTMENT OF THE INTERIOR, et al.,

        Defendants.

18 Civ. 4601 (VEC)

STATE OF NEW YORK, et al.,

        Plaintiffs,

v.

UNITED STATES DEPARTMENT OF THE INTERIOR, et al.,

        Defendants.

18 Civ. 8084 (VEC)

**STIPULATION AND ORDER REGARDING ATTORNEYS' FEES AND COSTS**

      WHEREAS, on May 24, 2018, plaintiffs National Audubon Society, American Bird Conservancy, Center for Biological Diversity, and Defenders of Wildlife (collectively,

"Audubon Plaintiffs") filed a complaint against the U.S. Department of the Interior, the U.S. Fish and Wildlife Service, and Daniel Jorjani, in his official capacity as the person exercising the authority of the Solicitor of the U.S. Department of the Interior[1] (collectively "Defendants"), asserting that Solicitor's Opinion M-37050 violated the Administrative Procedure Act, 5 U.S.C. § 706, and the National Environmental Policy Act, 42 U.S.C. § 4321, et seq.;

WHEREAS, by order of this Court dated July 31, 2019, the Audubon Plaintiffs' complaint was consolidated with *Natural Resources Defense Council v. U.S. Department of the Interior*, 18 Civ. 4596 (VEC), and *State of New York v. U.S. Department of the Interior*, 18 Civ. 8084 (VEC);

WHEREAS, on August 11, 2020, the Court entered judgment against Defendants and vacated Solicitor's Opinion M-37050;

WHEREAS, on October 8, 2020, Defendants filed a notice of appeal from the final judgment in the three consolidated cases, and on February 25, 2021, withdrew the appeal pursuant to Fed. R. App. P. 42(b);

WHEREAS, on April 1, 2021, three of the Audubon Plaintiffs—American Bird Conservancy, Center for Biological Diversity, and Defenders of Wildlife (collectively, "EAJA Plaintiffs")—moved for an award of attorneys' fees and costs against Defendants pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"); and

WHEREAS, the EAJA Plaintiffs and Defendants seek to resolve the EAJA Plaintiffs' claims for attorneys' fees and costs on the terms provided herein, in the interest of judicial economy and without any admission of law or fact.

---

[1] Pursuant to Fed. R. Civ. P. 25(d)(1), Principal Deputy Solicitor Robert Anderson, Jr., has been automatically substituted for defendant Daniel Jorjani.

NOW, THEREFORE, the EAJA Plaintiffs and Defendants, intending to be bound by this Stipulation, hereby agree as follows:

1. As soon as practicable after October 1, 2021, Defendants shall pay $54,078.00 to the EAJA Plaintiffs by electronic funds transfer in accordance with instructions provided to government counsel by the EAJA Plaintiffs' counsel.  This payment shall constitute full satisfaction of any and all costs of litigation, including reasonable attorneys' fees, incurred by the EAJA Plaintiffs in connection with this action as of the date of entry of this Stipulation as an Order of the Court.  This payment releases Defendants from any claims regarding fees and costs that the EAJA Plaintiffs have asserted or could have asserted under any provision of law in connection with this litigation as of the date of entry of this Stipulation.

2. Any obligation of Defendants to expend funds under this Stipulation is subject to the availability of appropriations in accordance with the Anti-Deficiency Act, 31 U.S.C. § 1341 ("Anti-Deficiency Act").  This Stipulation shall not be construed to require Defendants to obligate or pay funds in contravention of the Anti-Deficiency Act.

3. The parties understand and agree that the amount agreed to is a compromise of a claim and there is no admission by either party regarding liability for, or the amount of, fees that could be sought or recovered in this action.

4. The Court shall retain jurisdiction to enforce the terms of this Stipulation.

5. The undersigned representatives of the parties certify that they are fully authorized by the parties they represent to enter into and execute the terms and conditions of this Stipulation.  By signature below, all parties consent to this Stipulation.

6. This Stipulation is subject to the approval of the Court. In the event that the Court declines to approve this Stipulation, it shall be null and void, with no force or effect.

COUNSEL FOR EAJA PLAINTIFFS:

Dated: 7/30, 2021

ERIC R. GLITZENSTEIN, ESQ.
Center for Biological Diversity
1411 K Street, N.W., Suite 1300
Washington, D.C. 20005
Telephone: (202) 849-8401
Email: eglitzenstein@biologicaldiversity.org

COUNSEL FOR DEFENDANTS:

AUDREY STRAUSS
United States Attorney
Southern District of New York

Dated: 8/2, 2021   By: _____
TOMOKO ONOZAWA
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel: (212) 637-2721

SO ORDERED on this __3rd__ day of ____August____, 2021.

_____
HONORABLE VALERIE E. CAPRONI
United States District Judge

4